52 N.J. Super. 504 (1958)
145 A.2d 796
ANN L. WHEELER, PLAINTIFF-RESPONDENT,
v.
W. KENNETH WHEELER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 27, 1958.
Decided November 14, 1958.
*505 Before Judges SCHETTINO, HALL and GAULKIN.
Mr. Benjamin M. Ratner argued the cause for plaintiff-respondent.
Mr. William Krueger argued the cause for defendant-appellant (Messrs. Parnell and Krueger, attorneys).
PER CURIAM.
Appeal is from a Chancery Division order allowing counsel fees at final hearing.
Plaintiff instituted a suit for separate maintenance. Defendant filed an answer and a counterclaim for divorce on the grounds of extreme cruelty and desertion.
There was an application for support pendente lite, counsel fees and costs. Support was denied but a counsel fee of $1,000 was allowed. The granting of this allowance was reversed by this court. Wheeler v. Wheeler, 48 N.J. Super. 184 (App. Div. 1957). Plaintiff pro se almost immediately thereafter withdrew her complaint, did not file an answer to defendant's counterclaim and did not contest the defendant's suit. Plaintiff's attorney made an application *506 to withdraw from the case, reserving the right to apply for fees, to be paid by defendant at the final hearing of defendant's counterclaim, for services rendered to plaintiff in the trial court and on the appeal. The application was granted. The court entered an order dismissing the complaint, a default as to the counterclaim and directed that the defendant's action proceed uncontested.
Upon the conclusion of the hearing on defendant's counterclaim, a judgment nisi was entered in favor of defendant on the ground of desertion. By separate order, the court made an allowance to plaintiff's attorney of $1,200. It is from this latter order that the appeal has been taken.
On this appeal defendant contends that the allowance of a counsel fee to a wife or her attorney in any uncontested case is without authority or precedent and constituted an abuse of judicial discretion. As we view this appeal, we need not consider such a broad contention. We confine our determination to the particular circumstances here.
The claims and counterclaims of the parties were minutely set forth in the appellate opinion in the Wheeler case. It was there noted that plaintiff had taken assets of defendant totalling about $250,000 and that two years before the institution of the separate maintenance action she had between $100,000 and $150,000. Both the trial court and this court denied plaintiff pendente lite support.
Generally, there are several important elements which are considered when a wife applies for counsel fees and other suit monies  the wife's necessity, the husband's financial ability, and the wife's good faith and probable success. What Judge Goldmann had to say in Wheeler concerning pendente lite allowance also applies here (48 N.J. Super. at page 193):
"* * * In the early days our courts made such allowances almost as a matter of course because, at common law, the husband by reason of the marriage contract acquired complete control over all property owned by his wife at the time of the marriage, or which she might acquire during coverture. That being the case, unless the court required the husband to support his wife and to furnish her with the means of prosecuting her suit or defending his, *507 she would be left destitute and defenseless during the litigation. Accordingly, in almost all cases she was regarded as a privileged suitor, who had a right to call upon her husband for both support and the means necessary to carry on the litigation."
In 27 C.J.S. Divorce  "Counsel Fees And Expenses" § 216, p. 911, we find:
"Allowances for attorney's fees and other expenses in divorce proceedings should be made cautiously and only when necessary, the court being under a duty to protect the husband from excessive expenses in litigation by the wife and also to secure to her the opportunity to have her case fully presented."
And again referring to Judge Goldmann's opinion, we note (48 N.J. Super. at page 195):
"The fact that a counterclaim for divorce has been visited upon her, and she is put to her defense, does not, on the factual record so far exhibited, entitle her to an allowance in view of the more than adequate sufficiency of her available funds. The State's interest in the marital relation  always an important consideration  is sufficiently protected. An allowance can always be made to the wife at the close of the case for the expense she was put to in engaging counsel, should she be successful, or even if the litigation go against her where the equities move the discretion of the court to look with favor upon her timely application.
The practice, sometimes observed, of the attorney of a wife well supplied with funds coming into court on an application for counsel fees merely because the defendant husband is a man of income, is not to be encouraged except in a very special case. The husband is not to be made the golden target of an application for support, suit money and counsel fees pendente lite, except in a situation of demonstrable need." (Emphasis supplied.)
Plaintiff had more than sufficient assets to prosecute or defend this suit. "Where in * * * matrimonial controversies it appears that the wife has ample financial ability to defray the fees and expenses of her own counsel, the need for an allowance to her for such expenses does not exist and it is not ordinarily justifiable." Schluter v. Schluter, 23 N.J. Super. 409, 417 (App. Div. 1952); Farerh v. Farerh, 117 N.J. Eq. 61 (E. & A. 1934); 35 A.L.R. 1099. We are unable to find in this record *508 "a situation of demonstrable need" nor can we note any equity which would move the discretion of the court to look with any more favor upon her counsel's application now than on her own pendente lite application. The trial court erred in granting counsel fees.
Appellant contends that the attorney's lien act does not apply. N.J.S. 2A:13-5 by its very terms is not applicable since plaintiff recovered nothing to which her attorney's lien could attach.
In view of these determinations we deem it unnecessary to discuss any other issue raised on appeal.
Reverse. No costs.