ELVIRA C. SCALINGI, PLAINTIFF-RESPONDENT, v.
ALFRED SCALINGI, DEFENDANT-APPELLANT.

Argued January 7, 1974—Decided June 5, 1974.

*Mr. S. M. Cris Franzblau* argued the cause for appellant (*Mr. David M. Beckerman,* on the brief; *Messrs. Beckerman, Franzblau & Cohen,* attorneys).

*Mrs. Libby E. Sachar* argued the cause for respondent (*Mr. Frederick J. Sikora* on the brief; *Messrs. Sachar, Bernstein & Rothberg,* attorneys).

PER CURIAM. On October 4, 1971 plaintiff filed suit for divorce against defendant. The suit, charging defendant with extreme cruelty, was brought under the amended Divorce Act, *L.* 1971, *c.* 212, *N. J. S. A.* 2A:34–1 *et seq.* Defendant filed a written appearance under *R.* 4:79–3 requesting to be heard on the issues of support for plaintiff, equitable distribution of all property and payment of counsel fees and costs. However, at the trial defendant's counsel stated that he was present "to also see that the plaintiff proves her cause of action." Thereafter, for all practical purposes, the matter proceeded as a contested case on all issues.

Following a plenary hearing, plaintiff was granted a divorce on the ground of extreme cruelty. The court also ordered an equitable distribution of property acquired during the 35-year marriage, support for plaintiff and allowed her attorney a counsel fee payable by defendant.

Defendant appealed and this Court granted certification on its own motion while the matter was pending unheard in the Appellate Division since one of the issues raised by defendant involves the constitutionality of the equitable distribution of property provisions of the amended statute, *N. J. S. A.* 2A:34–23, as they affect marriages and separate estates created prior to September 13, 1971, the effective date of the amendment.

The judgment awarding plaintiff a divorce is challenged on the grounds that: (1) her proofs were inadequate to establish the fact of extreme cruelty and (2) there was

lacking corroboration of any specific alleged act of extreme cruelty. These contentions are without merit. Although the extreme cruelty shown antedated the effective date of the amended Act, plaintiff's cause of action was controlled by the statute in effect when her complaint was filed.

Prior to the 1971 amendment, extreme cruelty was considered to be that degree of cruelty, either actually inflicted or reasonably inferred, which endangered the life or health of the aggrieved party, or rendered his or her life one of such extreme discomfort and wretchedness as to incapacitate him or her physically or mentally from discharging the marital duties. 11 *New Jersey Practice* (3d ed. *Herr-Lodge*), § 1265, pp. 496–497 (1963).

The 1971 amendment not only embraces the foregoing, but also includes physical or mental cruelty which makes it improper or unreasonable to expect the plaintiff to continue to cohabit with the defendant. *N. J. S. A.* 2A:34–2(c). This latter provision substantially broadens the concept of extreme cruelty as it existed under the earlier statute. See Note, "The 1971 New Jersey Divorce Law," 25 *Rutgers L. Rev.* 476, 489 (1971).

It is unnecessary to detail the relevant evidence. The record reflects constant marital friction, defendant's physical and mental abuse of plaintiff and intense bickering over relatively trivial matters. The final episode,[1] an argument over plantiff's having withdrawn money from a joint bank account, ended in an admitted assault on plaintiff by defendant which caused her to leave the house for good. We must defer to the trial judge who was in a better position to determine whether or not it was reasonable to expect plaintiff to continue to cohabit with defendant. His finding that plaintiff had proved a case of extreme cruelty is amply supported by the record.

---

[1]This occurred within the three-month period prior to the filing of plaintiff's complaint. See *N. J. S. A.* 2A:34–2(c).

The trial judge also was satisfied that plaintiff had sufficiently corroborated her testimony of defendant's extreme cruelty. Our review of the record leads to the same conclusion. Where, as here, the testimony of plaintiff made out a case of extreme cruelty, "* * * the rule of corroboration only requires that belief in its truthfulness must find support in the testimony of others, or of surrounding established circumstances." *Feybusch v. Feybusch*, 110 *N. J. Eq.* 358, 359–360 (E. & A. 1932).

Defendant contends that the order requiring him to pay $75 per week for plaintiff's support was improper or at least excessive in the light of the equal distribution of the marital assets.[2] Since it was undisputed that plaintiff had wage income of her own (approximately $75 per week *net*), defendant argues that she is able to support herself.

We are dealing with the breakup of a 35-year marriage with defendant found to be the marital wrongdoer. Plaintiff, now 60 years of age, no longer has the comforts of the marital home which had been provided by defendant. Considering these factors as well as the respective incomes of the parties, it has not been shown that the order for support, as presently applied, is arbitrary or unreasonable. See *Capodanno v. Capodanno*, 58 *N. J.* 113 (1971).

Defendant also objects to the $750 counsel fee awarded plaintiff's counsel and payable by defendant. Counsel's certificate of services rendered fully justifies the amount awarded. Requiring defendant to pay the fee has not been shown to be an abuse of discretion in the light of the circumstances adverted to above.

Finally, defendant argues that the equitable distribution of property provisions of the amended statute, *N. J. S. A.* 2A:34–23, are unconstitutional insofar as they apply to marriages and separate estates created prior to September 13, 1971, the effective date of the amendment. This same

[2]Such assets approximated $90,000.

issue has been considered by us in *Rothman v. Rothman,* and in our opinion therein filed this day we have upheld the constitutionality of such provisions. *Rothman* is dispositive of defendant's contention herein. (Defendant has not challenged as inequitable the equal division of marital property ordered by the trial court.)

Affirmed.

*For affirmance* — Chief Justice HUGHES, and Justices HALL, MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD—6.

*For reversal*—None.