154 N.J. Super. 491 (1977)
381 A.2d 1221
MARYANN T. SHAFFER, PLAINTIFF-RESPONDENT,
v.
LAMONT A. SHAFFER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 3, 1977.
Decided December 9, 1977.
*492 Before Judges CONFORD, MICHELS and PRESSLER.
Mr. Richard A. Fazzari argued the cause for appellant (Mr. Arthur W. Burgess, attorney).
*493 Mr. Lawrence J. Freundlich argued the cause for respondent (Messrs. Wilentz, Goldman & Spitzer, attorneys; Mr. David M. Wildstein, of counsel).
The opinion of the court was delivered by MICHELS, J.A.D.
This appeal raises squarely the question of the right of a wife to counsel fees and costs assessed against her husband in a divorce action where there has been an equitable distribution of the marital property.
Plaintiff wife and defendant husband were granted a divorce pursuant to N.J.S.A. 2A:34-2(d) based on 18 consecutive months' separation. The judgment of divorce incorporated a settlement agreement between the parties, approved by the trial judge, which in part: (1) granted custody of the three infant children born of the marriage to plaintiff with liberal visitation rights in defendant; (2) provided for the sale of the marital residence; (3) required defendant to pay plaintiff $575 a month for the support of the three infant children born of the marriage after the marital residence is sold, and (4) divided the marital property, including the net proceeds to be received from the sale of the residence, on a substantially equal basis between both parties. The settlement agreement did not provide for an award of counsel fees and costs to plaintiff. Plaintiff applied for counsel fees of $3,262.50 and was awarded counsel fees of $2,000 plus costs. The judge directed defendant to pay the award from his share of the proceeds of the marital residence. Defendant appeals contending solely that the trial judge erred in awarding counsel fees and costs to plaintiff.
The principal thrust of defendant's argument is that the distribution of the marital property between a husband and wife pursuant to the equitable distribution statute (N.J.S.A. 2A:34-23; L. 1971, c. 212, § 8) relieves the husband of the obligation to pay his wife's counsel fees and costs in a matrimonial action. He argues that where, as here, each spouse received his or her fair share of the marital property no reason exists to compel the husband to pay his wife's counsel *494 fees and costs. Furthermore, he argues that as a result of the division of the marital property, the husband no longer has the family funds available to meet this obligation.
Under our practice, which has been followed since the mid-1800s, the award of counsel fees and costs in matrimonial actions rests in the discretion of the court. R. 4:42-9(a)(1); Berkowitz v. Berkowitz, 55 N.J. 564, 570 (1970); Williams v. Williams, 59 N.J. 229, 233 (1971); Wheeler v. Wheeler, 48 N.J. Super. 184, 194 (App. Div. 1957). In deciding whether a wife is entitled to counsel fees and costs in such an action, our courts consider generally such factors as the wife's need, the husband's financial ability to pay, and the wife's good faith in instituting or defending the action. Williams v. Williams, supra; Wheeler v. Wheeler, 52 N.J. Super. 504, 506 (App. Div. 1958). Where these factors have been established
* * * it is the policy of our law that counsel fees and costs in matrimonial actions are properly the obligation of the husband and he should be compelled to furnish them to the wife. In this respect, counsel fees and costs are not unlike other categories of "necessaries," which the law compels the husband, the usual repository of family finances, to furnish to the wife. [Williams v. Williams, supra, 59 N.J. at 233]
We perceive no change in this general policy as a result of the passage of the statutory provisions for equitable distribution of property contained in the 1971 amendment to the Divorce Act. L. 1971, c. 212, § 8; N.J.S.A. 2A:34-23. The wife's need for an allowance of counsel fees and costs in a matrimonial action may still exist even though there has been an equitable distribution of the marital property. In Chalmers v. Chalmers, 65 N.J. 186, 195 (1974), the Supreme Court recognized that equitable distribution of property did not automatically preclude the court from awarding counsel fees and costs to a wife. The court rejected a husband's claim that he should not have to pay for services rendered by his wife's attorney toward an equitable distribution of his property, stating:
*495 * * * proceedings under the statute to secure the equitable distribution of marital assets are an integral part of the matrimonial action. Legal services rendered in connection with such distribution may be considered by the trial court and included in the counsel fees allowed under R. 4:42-9(a)(1). [Id.]
Accordingly, we hold that a court is not precluded from awarding counsel fees and costs to a wife in an appropriate case merely because she has received her fair share of the marital property following a divorce. In our view the award of counsel fees and costs still rests within the discretion of the court and must be based upon the wife's need, the husband's ability to pay and the wife's good faith in instituting the action. See e.g., Scalingi v. Scalingi, 65 N.J. 180, 184 (1974); Chalmers v. Chalmers, supra; Lavene v. Lavene, 148 N.J. Super. 267, 276-277 (App. Div. 1977).
While equitable distribution of the marital property will not bar an award of counsel fees and costs to a wife in an appropriate case, it is clearly a factor for the court to weigh both in deciding whether to make such an award and fixing the amount thereof. Obviously, the value and liquidity of the property received by a wife will have a direct bearing upon her need for the award. If, for example, the value of a wife's share of the marital property is insubstantial, she may lack the financial ability to defray the fees and expenses of her counsel. Since the need for the fees and expenses would still exist, such allowance would ordinarily be warranted. If, on the other hand, the wife's share of the property is substantial, she presumably would have ample funds to pay her own litigation expenses and that circumstances could play a part in deciding whether and how much of a counsel fee should be awarded.
Here, the court properly considered, among other factors, the equitable distribution of the marital property to the parties in deciding to award plaintiff counsel fees and costs and in fixing the amount thereof. The court found ostensibly that the circumstances disclosed a situation of demonstrable need, warranting the award of counsel fees and *496 costs to plaintiff. We are convinced, after a consideration of all of the pertinent factors, including the equitable distribution of the marital property and the respective incomes of the parties, that the trial judge did not mistakenly exercise his discretion by awarding plaintiff counsel fees of $2,000 and costs.
Affirmed.