**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5025-17T4

DEBRA KACHMAR,
a/k/a DEBRA KURES,

    Plaintiff-Respondent,

v.

DAVID KACHMAR,

    Defendant-Appellant.

_____

Submitted April 8, 2019 – Decided April 29, 2019

Before Judges Messano and Fasciale.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FM-18-0221-10.

DeTommaso Law Group, LLC, attorneys for appellant (Andrew M. Shaw, on the brief).

Respondent has not filed a brief.

PER CURIAM

Defendant David Kachmar appeals from certain provisions of the Family Part's May 25, 2018 order that resolved a post-judgment motion made by plaintiff, Debra Kures, f/k/a Debra Kachmar, and defendant's cross-motion filed with his opposition in response. The parties were divorced in 2012 after nearly twenty years of marriage. The final judgment of divorce incorporated a property settlement agreement allowing plaintiff to remain in the marital home and providing for the disposition under alternate scenarios. If plaintiff re-financed the property within a certain time and assumed certain marital debts, defendant would deed his interests to her. Failing that, plaintiff would transfer the property to defendant and not be responsible for any of the specified marital debts, except to "reimburs[e defendant] the unpaid mortgage payments and the tax lien resulting from her occupancy in said residence."

Plaintiff conveyed her interest to defendant, but failed to pay the reimbursements. As the result of defendant's successful motions to enforce litigant's rights, the court entered an order on March 19, 2014 reducing to judgment payments defendant made toward the mortgage and tax lien, and awarding defendant counsel fees. A subsequent enforcement action resulted in another award of counsel fees to defendant.

2

For reasons that are unnecessary to explain, the court awarded defendant sole custody of the parties' son. In February 2018, plaintiff moved for modification, seeking joint legal custody, revisions to the parenting time schedule, and a name change. Defendant opposed and filed a cross-motion seeking various forms of relief, only two of which are relevant to this appeal.

Citing Rule 4:42-11(a), defendant requested an award of interest "on each of [plaintiff's] financial obligations . . . (including but not limited to the judgment entered for unpaid mortgage reimbursements, unpaid tax lien reimbursements, and both awards of counsel fees) . . . ." In addition, citing plaintiff's "manifest and unequivocal" bad faith, defendant sought counsel fees for having to bring his cross-motion.

The judge initially reserved decision following oral argument. Later, she issued an order accompanied by a written statement of reasons. The judge ordered that by July 24, 2018, i.e., within sixty days, plaintiff either "provide the full sum of $44,000.26 to [d]efendant . . . representing the mortgage, tax lien, and previously [o]rdered counsel fees," or work with defendant "to develop an appropriate payment plan to reimburse the amount." The judge, however, denied defendant's request for post-judgment interest from the date of the prior judgment or orders. Instead, she ordered that "post-judgment interest shall . . .

3

begin accruing on this amount pursuant to <u>Rule</u> 4:42-11 beginning on July 24, 2018." The judge reasoned that defendant's "claim for retroactive interest on obligations that have existed for several years is inequitable and at least partially barred by the doctrine of laches." Although the judge found the requested amount of counsel fees was reasonable, citing some of the factors listed in <u>Rule</u> 5:3-5(c), she ordered plaintiff to pay $2918.75, one-half of the requested amount.

Defendant argues, "[b]ecause interest accrues by operation of law as of the date on which judgment is entered," the judge erred by postponing the accrual of interest until at least July 24, 2018. In this regard, he contends the judge erroneously applied the doctrine of laches to deny his request. Defendant also argues the judge failed to "meaningfully analyze" the factors guiding an award of counsel fees and erred by reducing the requested amount.

<u>Rule</u> 4:42-11(a) provides: "Except as otherwise ordered by the court or provided by law, judgments, awards and orders for the payment of money, taxed costs and attorney's fees shall bear simple interest . . . ." "It is clear that the post-judgment interest provided for by the rule applies to a money judgment obtained in any cause of action." Pressler & Verniero, <u>Current N.J. Court Rules,</u> cmt. 1.2.1 on <u>R.</u> 4:42-11(a) (2019).

Two reported cases, one of which counsel cited, recognize the appropriateness of an award of post-judgment interest in Family Part actions, but neither is particularly instructive because they relied on then-current Court Rules that have been since revised. In Slater v. Slater, we considered the rate of post-judgment interest that should apply to a Keogh fund the defendant was required to transfer to the plaintiff pursuant to court-ordered equitable distribution, but withheld. 223 N.J. Super. 511, 517-18 (App. Div. 1988). We determined the proper rate by applying the express terms of the court's order and Rule 5:7-4, which, at the time, provided: "In awarding alimony or support, or both, the judgment or order shall . . . provide . . . that payments shall be subject to a late interest charge at the rate prescribed by Rule 4:42-11(a) unless the court, for good cause shown, otherwise orders." (emphasis added).

In her written opinion, the judge emphasized Rule 5:7-4's seemingly limited application to support judgments or orders. However, as noted, Slater considered equitable distribution of an asset, like the marital home in this case, and applied the rule. Defendant points out that Rule 5:7-4 since has been amended to exclude this provision, and, we conclude that Slater provides little guidance as to whether a court should presumptively award post-judgment interest on Family Part judgments and orders.

A-5025-17T4

In <u>Pryce v. Scharff</u>, which neither counsel nor the judge cited, we considered whether the plaintiff was "entitled to an order adding post-judgment interest to [the] defendant's [p]robation-enforced child support account." 384 N.J. Super. 197, 202 (App. Div. 2006). In ultimately ordering [p]robation to include interest, <u>id.</u> at 216, we considered <u>Rules</u> 5:7-5(a) and 5:7-5(g) as they then existed. <u>Id.</u> at 210-12. Subsection (a) provided that pursuant to a party's enforcement motion, or on its own motion, "the court <u>may</u> . . . assess a late interest charge . . . at the rate prescribed by <u>Rule</u> 4:42-11(a)," "[f]or past-due alimony or child support payments that have not been docketed as a civil money judgment . . . ." <u>Id.</u> at 210 (emphasis added). Whereas subsection (g) automatically reduced past-due child support payments to judgment with post-judgment interest at the rate prescribed by <u>Rule</u> 4:42-11(a). <u>Id.</u> at 210-11.[1]

We note extensive rule revisions made since we decided <u>Pryce</u> affected former subsection (a), cited above. <u>Rule</u> 5:7-5(a) now provides:

> For past-due alimony or child support payments that have not been docketed as a civil money judgment with the Clerk of the Superior Court, <u>the court may</u>, on its own motion or on motion by the party bringing the enforcement action, <u>assess costs</u> against the adverse party at the rate prescribed by <u>Rule</u> 4:42-11(a).
>
> [(Emphasis added).]

---

[1] This provision is now contained in <u>Rule</u> 5:7-5(d).

A-5025-17T4

This confusing landscape leads us to rely on the general jurisprudence developed under Rule 4:42-11(a).  We have said that "the grant of post-judgment interest is ordinarily not an equitable matter within the court's discretion but is, as a matter of long-standing practice, routinely allowed." Bd. of Educ. of Newark v. Levitt, 197 N.J. Super. 239, 244-45 (App. Div. 1984).  A court may prohibit or reduce post-judgment interest upon "a showing of good cause to the contrary." Id. at 245.  Later, in Marko v. Zurich North American Insurance Co., we said, "Both the court rule and our case law clearly indicate that a judgment creditor is entitled to post-judgment interest at the rate specified in Rule 4:42-11(a) absent an extraordinary and equitable reason."  386 N.J. Super. 527, 532 (App. Div. 2006).

However, in Lehmann v. O'Brien, noting the express language of the Rule — "[e]xcept as otherwise ordered by the court or provided by law" — we held that the "grant or denial [of post-judgment interest] is discretionary with the trial judge."  240 N.J. Super. 242, 249 (App. Div. 1989) (first alteration in original).  The Marko panel cited this precise language.  386 N.J. Super. at 532; see also Interchange State Bank v. Rinaldi, 303 N.J. Super. 239, 264 (App. Div. 1997) ("while case law suggests that fixing post-judgment interest at the legal rate is

7

the standard, the analysis adopted by the courts in reaching their decisions clearly incorporates an equitable component").

Obviously, "[t]he Family Part is a court of equity." Thieme v. Aucoin-Thieme, 227 N.J. 269, 287 (2016) (quoting Randazzo v. Randazzo, 184 N.J. 101, 113 (2005)). We conclude that in this case, contrary to defendant's argument, the judge had the discretionary authority in the exercise of her inherent equitable powers to award or deny post-judgment interest on the specific judgments and orders at issue.

However, the judge largely explained her reason for denying the accrual of post-judgment interest until, at the earliest, sixty days later, was primarily defendant's delay, i.e., the doctrine of laches. "That doctrine is invoked to deny a party enforcement of a known right when the party engages in an inexcusable and unexplained delay in exercising that right to the prejudice of the other party." Knorr v. Smeal, 178 N.J. 169, 180-81 (2003) (citing In re Kietur, 332 N.J. Super. 18, 28 (App. Div. 2000)). "Laches may only be enforced when the delaying party had sufficient opportunity to assert the right in the proper forum and the prejudiced party acted in good faith believing that the right had been abandoned." Id. at 181 (citing Dorchester Manor v. Borough of New Milford,

287 N.J. Super. 163, 172 (Law Div. 1994)).  Under the circumstances, applying the doctrine, even "partially," was a mistaken exercise of discretion.

In her motion, plaintiff acknowledged being in default of multiple prior orders that required her to pay defendant.  In other words, plaintiff did not detrimentally rely upon defendant's inaction.  In addition, post-judgment interest generally accrues once the judgment is entered, not when all post-judgment proceedings are resolved.  See Baker v. Nat'l State Bank, 353 N.J. Super. 145, 173-74 (App. Div. 2002) (holding that post-judgment interest accrues from the date of a jury verdict and rejecting an argument that it accrues when all appeals end).

"The key factors to be considered in deciding whether to apply the doctrine [of laches] are the length of the delay, the reasons for the delay, and the 'changing conditions of either or both parties during the delay.'" Knorr, 178 N.J. at 181 (quoting Lavin v. Bd. of Educ. of Hackensack, 90 N.J. 145, 152 (1982)). Here, defendant repeatedly sought enforcement of the court's prior orders and was, at all times, being denied by plaintiff the use of monies rightfully owed to him.

In short, we remand the matter to the Family Part to consider defendant's request for post-judgment interest within the proper framework we described.

We express no opinion as to whether the award of post-judgment interest from the date of the entry of judgment and orders awarding counsel fees is equitable under the facts of this case and leave that decision to the discretion of the court.

We affirm the award of counsel fees made by the judge. Rule 5:3-5(c) provides:

> In determining the amount of the fee award, the court should consider, . . . the following factors: (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.

"The assessment of counsel fees is discretionary, and will not be reversed except upon a showing of an abuse of discretion." Barr v. Barr, 418 N.J. Super. 18, 46 (App. Div. 2011) (citing Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001)).

Defendant argues the judge failed to consider and analyze all relevant factors, and plaintiff's obvious bad faith in failing to comply with prior orders should have resulted in the award of the full amount he sought. However, even

when fees are sought because of the need to enforce litigant's rights, a party's "bad faith is not the sole requirement for an assessment of fees[,]" but one of the factors the trial court may consider in determining the amount of counsel fees. Harte v. Hand, 433 N.J. Super. 457, 466 (App. Div. 2013) (citing N.J.S.A. 2A:34-23). Here, the judge found "little relevance to [the] parties' economic positions because [p]laintiff has been non-compliant with several [c]ourt [o]rders."

However, the judge also found that plaintiff's motion was not motivated by bad faith, and her arguments were reasonably made under the circumstances. Seen in this light, the judge's decision to award one-half of the requested fees, representing the relief defendant sought and received on his cross-motion, but essentially not awarding fees associated with opposing plaintiff's motion, was entirely reasonable.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION