NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3619-19T1

LISA IPPOLITO,

      Plaintiff-Respondent/
      Cross-Appellant,

v.

TOBIA IPPOLITO,

      Defendant/Respondent,

and

DONAHUE, HAGAN, KLEIN &
WEISBERG, LLC,

      Appellant/Cross-Respondent.

_____

APPROVED FOR PUBLICATION

December 9, 2020

APPELLATE DIVISION

> Argued November 17, 2020 – Decided December 9, 2020
>
> Before Judges Fisher, Gilson and Gummer.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-0147-13.
>
> David Scott Mack argued the cause for pro se appellant/cross-respondent.
>
> William M. Laufer argued the cause for respondent/cross-appellant (Laufer, Dalena, Jensen,

Bradley & Doran, LLC, attorneys; William M. Laufer, on the briefs).

Tobia Ippolito, respondent, filed a pro se brief.[1]

The opinion of the court was delivered by

FISHER, P.J.A.D.

In the wake of the final disposition of this lengthy and hotly-contested matrimonial action between Lisa Ippolito and Tobia Ippolito, a dispute arose about an attorney's lien asserted by one of Tobia's[2] former attorneys, appellant Donahue, Hagan, Klein & Weisberg (Donahue), on an escrow account holding the net proceeds of a sale of marital property. Except for a $20,000 award to Donahue, the trial judge ruled in Lisa's favor. We granted Donahue's motion for leave to appeal and stayed the order under review to consider Donahue's argument that the matrimonial trial judge erred when, with the exception of $20,000, he found Lisa had a greater and more equitable claim to the fund. Lisa cross-appealed, arguing there was no legitimate reason to allow Donahue

---

[1] Tobia Ippolito's brief was filed in response to the motion for leave to appeal. The court will consider that submission as his brief on the merits of this appeal and cross-appeal. Tobia Ippolito chose not to appear for oral argument.

[2] We refer to the matrimonial litigants by their first names to avoid confusion and not out of disrespect.

A-3619-19T1

$20,000 from the fund. So as not to delay the disposition of these funds, we accelerated the appeal and cross-appeal.

To briefly summarize, Lisa commenced her divorce action in July 2012 and Tobia soon thereafter retained Donahue. In early 2014, the trial court directed that the proceeds generated by a sale of one of the parties' homes – slightly more than $1.1 million – be placed in escrow "until final resolution" of the matrimonial litigation. Six months later, the court granted Donahue's motion to withdraw as Tobia's counsel while recognizing, under N.J.S.A. 2A:13-5, Donahue's lien on "any proceeds or property to which [Tobia] may be entitled as a result of the instant litigation, in the amount of $241,639.67" that would be resolved at the litigation's end.

After a lengthy divorce trial that started in late 2015 and ended in early 2016, the trial judge found that Tobia had, among other things, engaged in "extreme and purposeful misconduct," "repeatedly violated" court orders, failed to provide full discovery about significant marital assets, and interfered with witnesses and the sale of marital assets. The judge concluded that Tobia "engaged in this protracted misconduct with a single purpose in mind[:] to punish the plaintiff for going forward with the divorce and, if possible, to leave her and the children of the marriage bankrupt." In affirming the September 6,

A-3619-19T1

2016 judgment of divorce, we determined that the evidence fully supported the judge's rulings and his findings warranted our deference.  Ippolito v. Ippolito, No. A-1071-16 (App. Div. May 8, 2020).

We need not repeat what was said at that time; our prior opinion speaks for itself.  It suffices to say for present purposes that the culmination of the judge's findings was that Tobia was not entitled to receive any of the remaining marital assets.  To be sure, as Donahue emphasizes, the judge recognized Tobia's theoretical entitlement to half the marital assets in making his equitable-distribution findings, but, because of Tobia's failure to comply with his support obligations and other directives, the judge concluded Lisa was entitled to all assets, including the fund in question.

After entry of the divorce judgment that awarded Tobia nothing, Donahue moved in the trial court for payment of its outstanding fees from the fund.  By way of his April 16, 2020 oral decision, the judge held that Lisa had a more equitable claim to the fund than Donahue and, except for an allowance to Donahue of $20,000, the judge ordered that the fund be transferred to her.  His May 6, 2020 order – now under review – directed that the $297,667.67 escrow fund be turned over to Lisa, less $20,000 to be paid to Donahue.

A-3619-19T1

In appealing, Donahue argues that the judge misinterpreted N.J.S.A. 2A:13-5 and failed to recognize the equities that supported granting it a higher priority than Lisa. We reject Donahue's arguments essentially for two reasons. First, N.J.S.A. 2A:13-5 allows for the attachment of an attorney's lien only on "a verdict, report, decision, award, judgment or final order in his client's favor." Tobia – Donahue's client – obtained none of these things. His claim for equitable distribution was recognized fleetingly but, by the end of the judge's decision, it was gone. The judge found it more equitable – and rightly so – to convey Tobia's theoretical share of the assets entirely to Lisa to compensate her for Tobia's failure to pay support. Tobia received no "award" or "judgment" to which Donahue's lien could attach; the judge's decision was not in Donahue's "client's favor." We said long ago in Wheeler v. Wheeler, 52 N.J. Super. 504, 508 (App. Div. 1958), that N.J.S.A. 2A:13-5, "by its very terms," does not apply when the client "recovered nothing to which [an] attorney's lien could attach." See also Schepisi & McLaughlin, P.A. v. LoFaro, 430 N.J. Super. 347, 356 (App. Div. 2013); Sauro v. Sauro, 425 N.J. Super. 555, 575 (App. Div. 2012); Cole, Schotz, Bernstein, Meisel & Forman, P.A. v. Owens, 292 N.J. Super. 453, 460-61 (App. Div. 1996).

Even if we were to view the collection of things to which the Legislature permitted an attorney's lien to attach – "a verdict, report, decision, award, judgment,

A-3619-19T1

[and] final order" – as broad enough to cover the ephemeral recognition of Tobia's interest in the fund, the judge correctly concluded that Lisa and the children of the marriage had a higher priority to that fund than Tobia's former attorney and certainly Tobia,[3] whose recalcitrant and malicious conduct created the circumstance by which his share of equitable distribution was turned over to Lisa in the divorce judgment – a judgment we have already affirmed in all respects.

Donahue proceeds on the mistaken understanding that its imposition of a statutory lien gives it a boost up the claimant totem pole. The lien merely precludes the disposition of the fund in question – or allows that lien to remain attached to the proceeds of the client's claim "in whose hands they may come," N.J.S.A. 2A:13-5 – without first a consideration of the attorney's claim. As the Supreme Court has explained, the assertion of the lien is "'only a claim of right to ask for the intervention of the court' for the attorney's 'protection, when, having obtained judgment for his client, there is a probability of the client depriving him of his costs.'" Republic Factors, Inc. v. Carteret Work Uniforms, 24 N.J. 525, 534 (1957) (quoting Mercer v. Graves, L.R., 7 Q.B. 499 (1872)).

---

[3] It should not be overlooked that a ruling in Donahue's favor is a ruling in Tobia's favor. Anything Donahue obtains from the fund decreases Tobia's existing obligation to Donahue.

A-3619-19T1

With the imposition of an attorney's lien, the court that rendered the award, judgment or order to which the lien attached must determine which claimant possesses the higher priority to the fund. And to make that decision, the court must weigh the competing equities. See Republic Factors, Inc., 24 N.J. at 534 (recognizing that, while an attorney's right to impose a lien is permitted by statute, the disposition of the attached fund is a matter "rooted in equitable considerations"); Martin v. Martin, 335 N.J. Super. 212, 222 (App. Div. 2000) (observing that the assertion of an attorney's lien invokes "the equitable jurisdiction of the courts").

Even assuming Tobia obtained an actual award or judgment – not just a momentary acknowledgement of his potential right to half a marital asset ultimately awarded to Lisa – Donahue's assertion of a lien gave it no greater rights than Lisa, only an opportunity to argue that it should have a priority over Lisa to the fund. The judge correctly viewed the undertaking in this way and reached the appropriate conclusion that Lisa clearly possessed a higher priority than her adversary or his attorney, much like the plaintiff in B.B. v. Mell, __ N.J. Super. __, __ (App. Div. Nov. 23, 2020) (slip op. at 7-10). As the victim of Tobia's contumacious conduct, coupled with his continuing unwillingness to voluntarily pay his support obligations

despite his significant earning capacity,[4] Lisa stands on much higher equitable ground than Tobia's former attorneys. Indeed, to rule otherwise would inequitably shift a portion of Tobia's fees to Lisa's side of the ledger – a ruling wholly inconsistent with the disposition of this matrimonial action.

For these very reasons, we must also reverse that part of the order that allowed Donahue to receive $20,000 from the fund. The judge provided a brief explanation for that ruling[5] that seems untethered to his analysis of the equities and linked only

---

[4] In affirming the judgment of divorce, we concluded that the evidence fully supported the trial judge's imputation to Tobia of an annual income of $2,500,000. Ippolito, slip op. at 3.

[5] The judge supported his partial determination in Donahue's favor with only the following comments:

> I have a caveat which will impact my judgment slightly. I have referred to [Lisa and Donahue] having a valid claim in law and equity. I think the better claim for a number of reasons, looking at the whole equation, is [Lisa]'s but I am [un]willing to completely defeat the Donahue lien by this view that I'm taking and in looking at the relative equitable position of the parties, their position in the litigation, I am going to make what is, when all is said and done, a very minor adjustment and award in favor of the Donahue firm in the amount of $20,000.

> I don't like doing that because I think it furthers [Tobia]'s plan to injure [Lisa] but I think the attorney's lien has some equitable and legal standing and in

to a feeling of sympathy for Tobia's former attorney that should have played no role in his considerations. Cf. Tevis v. Tevis, 79 N.J. 422, 433 (1979) (recognizing, in considering whether equitable considerations should excuse a battered wife's untimely suit for damages against her ex-husband, that "in the final analysis" the question must "be governed by an objective assessment of the equities, not by an understandable sympathy for plaintiff's plight and a pardonable repugnance toward defendant's conduct").

Affirmed in part, reversed in part, and remanded to the trial court for entry of an order in conformity with this opinion.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

looking at, again repeating myself, how the case went and how the judgment was administered, I think it would not be equitable to completely – disinherit is the wrong word but to defeat the Donahue firm's claim. I am, of course, awarding essentially seven cents on the dollar but that's the best that I have and I understand they may get compensation from the bankruptcy court but I don't think my understanding is that that will be substantial.