The applications now before the court are an outgrowth of protracted litigation in the matter entitled as above and the main issues of which were disposed of in 118 N.J. Eq. 467 and121 N.J. Eq. 349. The petitioner, Greek Catholic Congregation of St. John the Baptist, which was one of the defendants and the counter-claimant in that litigation, seeks permission to substitute Mr. Joseph B. Schwartz in the place of Mr. Stephen F. Somogyi as solicitor of record. By their cross-petition Messrs. Somogyi and Engelke seek to have liens impressed upon the real and personal property of the petitioner to the extent of the value of services rendered by them to the petitioner in the cause in which they filed an answer and counter-claim, successfully defended the petitioner's title to its property and obtained for it other relief, including a decree for an accounting against certain defendants to the counter-claim.
In the absence of a statute or special agreement, the general rule is that an attorney has no lien on the lands of his client, title to which he has successfully defended. 6 C.J. 780 ¶ 391,Annot. 93 A.L.R. 670. The same rule applies where personal property is involved. Annot. 93 A.L.R. 689 and cases cited;5 Am. Jur. 396 ¶ 224.
Prior to the adoption of the Revised Statutes of 1937, there was no statute applicable to the situation occupied by the cross-petitioners. The former Attorneys' Lien act (P.L. 1914ch. 201) did not apply, for Messrs. Somogyi and Engelke had neither instituted an action at law or in equity, nor filed a counter-claim at law. McCarthy v. McCarthy, 117 N.J. Eq. 22.
The Revision (R.S. 2:20-7) extended the remedy of a lien to a solicitor filing a counter-claim in equity. *Page 451 
It is the contention of petitioner that this provision of the Revision cannot avail Messrs. Somogyi and Engelke for the reason that it can apply only to actions instituted subsequent to its adoption; that otherwise the statute would be violative of the constitutional prohibition against impairment of contracts; and that statutes always are given a prospective rather than a retroactive effect unless there is a plainly expressed intent to make them retroactive.
Conceding the existence of the general rule of statutory construction asserted by petitioner, it nevertheless seems clear that the provision in question may be availed of by the cross-petitioners without doing violence to constitutional provision or to rule of construction. The action in which the liens are claimed was instituted prior to the effective date of the Revision (December 20th, 1937) at which time, however, the accounting stage of the cause, as between the counter-claimant (petitioner) and the defendants to the counter-claim, was still pending, and a petition for an attorney's lien is but a step in the cause. Artale v. Columbia Insurance Co., 108 N.J. Law 240;affirmed, 109 N.J. Law 463. The issues here raised are to be determined by the law as it now is and not by what it was when the original bill was filed. The law as stated in the Revised Statutes controls. Brower v. Township of Franklin,119 N.J. Law 417, 423; In re Messler, 16 N.J. Mis. R. 434.
Fundamentally, the statute in no sense affects the obligation of contracts, nor does it contravene any right guaranteed by state or national constitution. What it does is to affect the means of enforcing certain rights. Messrs. Somogyi and Engelke have a right to be paid for the services they have rendered. Of that there can be no question. The statute, then, is remedial in nature. It merely created a new remedy for the enforcement of an old right. Levy v. Public Service Railway Co.,91 N.J. Law 183.
"Matters which relate to the remedy, i.e., the course and mode of procedure to enforce or defend a substantive right, are subject to change and alteration, and even repeal, provided the legislation does not operate to impair a contract or *Page 452 
deprive one of a vested property right." Lapp v. Belvidere,116 N.J. Law 563. The Lapp Case, and others of its type, of which there are many, deal with statutes which have placed restrictions on existing remedies, while the statute here involved enlarged a remedy. The former type of legislation being valid, it necessarily follows that the latter must be so adjudged.
It is difficult to conceive of any merit in the suggestion that giving a retrospective effect to the statute will impair any contract or vested right of the petitioner. The petitioner is in the position of a debtor. Prior to the enactment of the 1937 Revision its creditors, Somogyi and Engelke, were limited in their remedy to an action at law. That a new remedy has been provided cannot possibly injure the debtor. Its obligation remains unchanged, and the extent thereof may be determined by the court in which the original action was conducted with as much fairness to the parties as could be done by a law court having no previous familiarity with the litigation.
Petitioner makes the further point that Mr. Engelke is not entitled to a lien because he was "of counsel" and not the solicitor of record. This contention is without merit. The remedy is extended to any "attorney, solicitor or counselor-at-law, who shall appear in the cause for the party * * *." Mr. Engelke did, in fact, appear in the cause. The statute is not limited to an attorney or solicitor of record. Authorities cited from other jurisdictions are not applicable.
Cross-petitioners are entitled to a lien as prayed. The manner of determining the extent and amount thereof will be determined upon presentation of form of order to be entered pursuant hereto. The petition for substitution will not be granted until the liens have been satisfied. In this connection, it is appropriate to allude to the ancient maxim: "He who seeks equity must do equity." In all equity and good conscience petitioner ought not to be permitted to substitute a new solicitor of record in this cause in place of the old, without first having discharged its debt to the latter.
After the answer and cross-petitions of Messrs. Somogyi and Engelke had been filed, the petitioner sought to withdraw *Page 453 
its petition, obviously for the purpose of defeating the cross-petitions. A party to a proceeding in this court will not be permitted to withdraw a pleading to which an answering pleading has been filed, except upon equitable terms. Here equity demands that the cross-petitions be first heard on their merits before considering the application for withdrawal of the petition for substitution.
I will advise an order accordingly.