239 N.J. Super. 77 (1989)
570 A.2d 1026
GLORIA ROSENFELD, PLAINTIFF,
v.
WILLIAM ROSENFELD, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Monmouth County.
Decided October 18, 1989.
*78 BASSLER, J.S.C.
Matrimonial lawyers who have been discharged by their clients are now frequently petitioning[1] the court to determine and enforce a lien for legal services pursuant to the so-called Attorney's Lien Act, N.J.S.A. 2A:13-5[2]. Defendant's former counsel has in this ongoing matrimonial litigation filed such a petition. R. 1:20A-6 provides that before an attorney files a complaint to recover a fee the attorney must first notify the client of the remedy of arbitration. The sole issue here is whether the rule applies to a petition filed under N.J.S.A. 2A:13-5. The court determines that it does.
No one here argues that N.J.S.A. 2A:13-5 excludes matrimonial actions; the plain language of the statute bars any such exclusion. It is true that the Court of Errors and Appeals in McCarthy v. McCarthy, 117 N.J. Eq. 22, 174 A. 751 (E. & A. 1934) held that the predecessor statute[3] afforded no relief in a divorce proceeding. But the court based its decision not on the nature of the litigation but the wording of the statute: it omitted any reference to a counterclaim in equity. The statute was subsequently amended to extend the remedy of a lien to *79 any attorney filing a counterclaim in equity. See St. John, etc., Church, Perth Amboy v. Gengor, 124 N.J. Eq. 449, 2 A.2d 337 (Ch. 1938).
In the case before the court defendant's former counsel has filed a counterclaim and relies on the procedure crafted by the Appellate Division in H & H Ranch Homes, Inc. v. Smith, 54 N.J. Super. 347, 148 A.2d 837 (App.Div. 1959).
In H & H Ranch Homes, the court noted that N.J.S.A. 2A:13-5 permits an attorney to file a petition to have the court fix the lien in the primary pending action upon which the attorney claims a lien. The court recognized that, since September 1948, the use of petitions is generally deprecated and neither the statute nor the rules provide for the procedure to be followed. Therefore, the court fashioned "[f]or the guidance of counsel ... consistent with the spirit of our present rules of practice ... where the determination or enforcement of an attorney's lien is sought," id. at 353, 148 A.2d 837, the following procedure:
The attorney should make application to the court, as a step in the proceeding of the main course, by way of petition, which shall set forth the facts upon which he relies to the determination and enforcement of his alleged lien. The petition shall as well request the court to establish a schedule of a further proceeding which shall include time limitations for the filing of an answer by defendants, the completion of pretrial discovery proceedings, the holding of a pretrial conference, and the trial. The court shall, by order, set a short day upon which it will consider the application for the establishment of a schedule. A copy of such order, together with a copy of the petition, shall be served upon defendants as directed by the court. The matter should thereafter proceed as a plenary suit and be tried either with or without a jury, in the Law Division, depending upon whether demand therefor has been made, R.R. 4:39-1 et seq., or without a jury if the venue of the main cause is laid in the Chancery Division. In no event should the matter be tried as a summary proceeding. [Id. at 353-354, 148 A.2d 837]
In 1978, subsequent to this decision, there was a major revision of the rules governing disciplinary matters. R. 1:20A was adopted to implement the requirements of R. 1:20-1 establishing fee arbitration committees. Pressler, Current N.J. Court Rules, Comment R. 1:20A (1989). Effective January 1986, R. 1:20A-6 was added. Ibid. It reads:

*80 Prior to institution of an action to recover a fee, an attorney shall notice his client of the client's option to pursue the fee arbitration remedy as provided for by these rules. If the client does not elect to pursue the fee arbitration remedy, the attorney's complaint shall allege the giving of the notice required by this rule.
The petition here contained no such notice to defendant. And read literally the rule applies only to the "institution of an action to recover a fee." As explained in the comment, "the rule requires the attorney, as a prerequisite to suit on a fee, to notify his client of the procedure and to plead the giving of such notice in the complaint." Pressler, op. cit., supra at ___; emphasis supplied; See Chalom v. Benesh, 234 N.J. Super. 248, 257, 560 A.2d 746 (Law Div. 1989).
In H & H Ranch Homes, the court created an ad hoc procedural mechanism to implement the statutory remedy "consistent with the spirit of our present rules of practice." Since the rules of practice were subsequently amended to provide for the arbitration of fee disputes, the procedural framework of H & H Ranch Homes should likewise be modified to require an attorney, prior to filing the petition, to notify the client of the remedy of arbitration. If the client does not choose to have the fee dispute arbitrated, the petition should allege that notice was given as is required by R. 1:20A-6 for a complaint. This result is a logical extension of H & H Ranch Homes in light of the determination of our Supreme Court that fee arbitration "is necessary to maintain public confidence in the Bar as a whole." In re LiVolsi, 85 N.J. 576, 600, 428 A.2d 1268 (1981).
In addition to failing to give a pre-action notice to the client advising of the right to pursue the fee arbitration remedy provided by R. 1:20A-3, the petition is not "supported by an affidavit made in compliance with R. 1:6-6" as required by R. 1:6-2(a). Accordingly, the petition is dismissed without prejudice.
NOTES
[1] See in general: Kessler, "Family Part Remiss in Enforcing Lawyer Liens," 124 N.J.L.J. 913 (Oct. 12 1989).
[2] N.J.S.A. 2A:13-5 reads:

After the filing of a complaint or third-party complaint or the service of a pleading containing a counterclaim or cross-claim, the attorney or counsellor at law, who shall appear in the cause for the party instituting the action or maintaining the third-party claim or counterclaim or cross-claim, shall have a lien for compensation, upon his client's action, cause of action, claim or counterclaim or cross-claim, which shall contain and attach to a verdict, report, decision, award, judgment or final order in his client's favor, and the proceeds thereof in whosesoever hands they may come. The lien shall not be affected by any settlement between the parties before or after judgment or final order, nor by the entry of satisfaction or cancellation of a judgment of record. The court in which the action or other proceeding is pending, upon the petition of the attorney or counsellor at law, may determine and enforce the lien.
[3] L. 1914, c. 201.