292 N.J. Super. 453 (1996)
679 A.2d 155
COLE, SCHOTZ, BERNSTEIN, MEISEL & FORMAN, P.A., PLAINTIFF-APPELLANT,
v.
CAROLE OWENS, DEFENDANT-RESPONDENT.
CAROLE OWENS, PLAINTIFF,
v.
COLE, SCHOTZ, BERNSTEIN, MEISEL & FORMAN, P.A. AND RITA K. NADLER, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 13, 1996.
Decided July 16, 1996.
*454 Before Judges KING, KLEINER and HUMPHREYS.
Christine Smith, argued the cause, for appellant (Cole, Schotz, Bernstein, Meisel & Forman, P.A., attorneys; Thomas J. La Conte and Wendy F. Klein, on the brief).
*455 William L. Gold, argued the cause, for respondent (Brown & Gold, attorneys; Mr. Gold, on the brief).
The opinion of the court was delivered by HUMPHREYS, J.A.D.
This appeal is from an order releasing certain funds from escrow. An earlier order permitted a notice of lis pendens to be filed by the law firm of Cole, Schotz, Bernstein, Meisel and Forman ("Cole") against real property owned by its former client, Carole Owens ("Owens"). The lis pendens served as notice that Cole was asserting an attorney's lien against the property. The lien was to secure fees owed by Owens to Cole. Due to the filing of the lis pendens, proceeds from the later sale of the property were placed in escrow.
After a thorough review of the record and the arguments of counsel, we hold that Cole does not have a lien on the property and the court should not have permitted the lis pendens to be filed. The order releasing the funds from escrow is affirmed.

I
Cole was engaged to represent Owens in March 1990 in a matrimonial action. In July 1991, Cole moved for leave to withdraw as her counsel. In the same motion, Cole sought leave to file "a statement with the Bergen County Clerk evidencing the existence of a charging lien" on behalf of Cole pursuant to N.J.S.A. 2A:13-5. Cole alleged that Owens owed Cole some $40,000 in legal fees. An order was entered on August 12, 1991 relieving Cole as counsel and granting leave to Cole "to file a lis pendens evidencing its attorney lien pursuant to N.J.S.A. 2A:13-5."
Cole filed the lis pendens on August 16, 1991, against real property in Englewood, New Jersey owned solely by Owens. The property was being sold. An escrow agreement was entered into on November 4, 1991, under which the lis pendens would be discharged and $42,400 would be held in escrow "until the resolution *456 of the dispute for attorney's fees" between Cole and Owens. The agreement also provided that the "matter of counsel fees may be referred to arbitration"; that neither party released any claims against each other, including Owens' claims as to the legality of the lis pendens; and that if there was any court determination that the lis pendens "was incorrectly filed," then the escrow funds would be released. The parties to the agreement included Cole, Owens and the trustee in bankruptcy for Cole's husband.
Cole by letter dated November 4, 1991, informed Owens that she had the option of pursuing fee arbitration. See R. 1:20A-6. The letter contained the name and address of the person to contact regarding that option.
Owens filed a motion dated November 22, 1991 to have the escrowed funds released to her. She argued that the lis pendens was improper because the requisite fee arbitration notice had not preceded the filing of the lis pendens, see R. 1:20A-6, and because N.J.S.A. 2A:15-6 did not allow a lis pendens to be filed in a matrimonial action. The judge denied the motion saying he saw nothing in the lis pendens statute which would prohibit the use of a lis pendens. He also said that litigation had to be pending and therefore he required that litigation be instituted within fourteen days.
On February 3, 1992, Cole instituted suit for its fees. In May 1993, Owens moved to dismiss the suit on the ground that Cole failed to comply with R. 1:20A-6. She also sought other relief including the release of the funds in escrow. The motion was denied. We denied a motion for leave to appeal.
In July 1993, Owens filed a malpractice action against Cole. Owens unsuccessfully moved to consolidate that action with the Cole action for fees. We denied leave to appeal from the order denying consolidation. Thereafter, Owens moved unsuccessfully for summary judgment in the attorney fee action.
Cole then moved successfully for summary judgment dismissing Owens' malpractice complaint on the ground of the entire controversy *457 doctrine. Owens appealed. We reinstated the malpractice action and consolidated it with the attorney fee action. We reasoned that Owens had raised the issue of attorney negligence as a defense to the attorney fee action and thus Owens should be allowed to proceed with her malpractice action.
In February, March and June 1994, Owens unsuccessfully moved to dismiss Cole's complaint in the attorney fee action and to release the funds in escrow. In October 1994, a consent order was entered staying the trial of the consolidated action pending the completion, which has not yet occurred, of the underlying matrimonial action.
In June 1995, Owens again moved to have the funds held in escrow released to her. She relied on this court's decision in Mateo v. Mateo, 281 N.J. Super. 73, 656 A.2d 846 (App.Div. 1995). The judge found Mateo controlling and held that the order permitting Cole to file a lis pendens was void. We granted Cole's motion for leave to appeal and stayed release of the escrow funds pending appeal.
Cole argues that: (1) the Mateo decision is distinguishable; (2) Owens has never availed herself of the fee arbitration remedy, and has never indicated that she would do so; and (3) the motion for leave to file the lis pendens need not have been preceded by a Pre-Action Notice because: (a) the motion was not a lawsuit to recover a fee or a petition to determine and enforce an attorney's lien; and (b) the motion constituted "ancillary legal action" which is specifically exempted under R. 1:20A-6.

II
The Supreme Court has provided for arbitration of attorneys' fees since 1978. The underlying policy is to promote "public confidence in the bar and the judicial system." See generally Saffer v. Willoughby, Jr. 143 N.J. 256, 263, 670 A.2d 527 (1996). Under our court rules, a client has the right to proceed with arbitration. See R. 1:20A-3. An attorney may not institute a lawsuit to recover a fee without giving the client a Pre-Action *458 Notice. The notice advises the client as to the client's right to request fee arbitration and the procedure therefor.
The pertinent court rule provides: "No lawsuit to recover a fee may be filed until the expiration of the 30 day period herein giving Pre-Action Notice to a client; however, this shall not prevent a lawyer from instituting any ancillary legal action." R. 1:20A-6.
Ancillary legal action is authorized by N.J.S.A. 2A:13-5. That statute provides:
After the filing of a complaint or third-party complaint or the service of a pleading containing a counterclaim or cross-claim, the attorney or counsellor at law, who shall appear in the cause for the party instituting the action or maintaining the third-party claim or counterclaim or cross-claim, shall have a lien for compensation, upon his client's action, cause of action, claim or counterclaim or cross-claim, which shall contain and attach to a verdict, report, decision, award, judgment or final order in his client's favor, and the proceeds thereof in whosesoever hands they may come. The lien shall not be affected by any settlement between the parties before or after judgment or final order, nor by the entry of satisfaction or cancellation of a judgment on the record. The court in which the action or other proceeding is pending, upon the petition of the attorney or counsellor at law, may determine and enforce the lien.
[Ibid.]
In Mateo v. Mateo, supra, 281 N.J. Super. at 79, 656 A.2d 846, we said that an application to establish an attorney's lien "must be brought as a step in the main cause, but tried as a separate and distinct plenary action." See also Panarello v. Panarello, 245 N.J. Super. 318, 585 A.2d 428 (Ch.Div. 1990); Rosenfeld v. Rosenfeld, 239 N.J. Super. 77, 570 A.2d 1026 (Ch.Div. 1989). We also said that an action for attorney's fees "must be dismissed where the attorney does not allege that he or she gave the client notice of the availability of the Fee Arbitration Committee proceedings." Mateo, supra, 281 N.J. Super. at 80, 656 A.2d 846; see also Rosenfeld v. Rosenfeld, supra, 239 N.J. Super. at 78, 570 A.2d 1026 (Pre-Action Notice must be given when petition filed to fix an attorney's lien); cf. Chalom v. Benesh, 234 N.J. Super. 248, 260, 560 A.2d 746 (Law Div. 1989) (defendants estopped from relying on failure to give Pre-Action Notice).
In Mateo, the attorney did not file a complaint demanding payment of attorney's fees but "simply moved in the present *459 action for an attorney's lien pursuant to N.J.S.A. 2A:13-5." Mateo, supra, 281 N.J. Super. at 79, 656 A.2d 846. We said that the client is entitled to be advised of the right of fee arbitration before or at least at the time the client is embroiled in litigation which may result in a lien being placed upon the client's property. Id. at 79-80, 656 A.2d 846.
Here, as in Mateo, Cole initially moved for the imposition of a lien instead of filing a complaint or giving the Pre-Action Notice. Consequently, under Mateo, the lien is invalid. Cole, however, argues that giving Owens a Pre-Action Notice at the time Cole's motion was filed would not have benefitted Owens because she intended to pursue a malpractice claim, and a malpractice claim cannot be determined in a fee arbitration proceeding. See R. 1:20A-2(c)(2); see also Saffer v. Willoughby, Jr., supra, 143 N.J. at 265-266, 670 A.2d 527. Consequently, the Pre-Action Notice, Cole argues, need not have been given at that time, and the "ancillary proceeding" should not be dismissed.
The argument is unpersuasive. What Owens might have done or not done if she had received the notice at the proper time is pure speculation. She should have been given the notice on or before Cole filed its motion. The failure to give the notice requires dismissal of the motion. Mateo v. Mateo, supra, 281 N.J. Super. at 80, 656 A.2d 846; Rosenfeld v. Rosenfeld, supra, 239 N.J. Super. 77, 570 A.2d 1026; see R. 1:20A-6; cf. Chalom v. Benesh, supra, 234 N.J. Super. at 260, 560 A.2d 746. In addition, the lis pendens must be voided for the reasons stated in the next section of this opinion.

III
Cole maintains that the real property against which its lis pendens was filed was property which Owens would have recovered as part of equitable distribution in the matrimonial action. Cole argues that therefore its attorney's charging lien can be affixed to the property.
*460 The property in this case was the marital home. Owens and her husband were married in 1975. The property was purchased by them in 1979. In 1986 and 1987, they signed agreements which provided that the marital home was to be owned solely by the wife. The parties deeded the property to Carole Owens in 1987.
A divorce action was not filed until 1989. Thus, at the time the divorce action was filed, Owens was the sole owner of the property pursuant to the agreements and a deed. Because the property had been acquired during the marriage, it was subject to equitable distribution. See N.J.S.A. 2A:34-23. However, our review of the record in the matrimonial action indicates that the husband did not assert a claim to the property. Consequently, Owens as a practical matter would not be "recovering" or obtaining the property as a result of the matrimonial action.
An attorney's lien is merely a right in the attorney to a lien on any judgment recovered for the attorney's client. Republic Factors, Inc. v. Carteret Work Uniforms, 24 N.J. 525, 534, 133 A.2d 6 (1957). It is an attorney's "claim of right to ask for intervention of the court for the attorney's protection, when having obtained judgment for his client, there is a probability of the client depriving him [or her] of his [or her] costs...." Ibid. (citation omitted). An attorney is "considered an equitable assignee of the judgment to the extent of his debt." Ibid.
Where there is no recovery, there is nothing to which the attorney's lien can attach. In Wheeler v. Wheeler, 52 N.J. Super. 504, 508, 145 A.2d 796 (App.Div. 1958), we found the attorney's lien did not apply because plaintiff had recovered nothing to which the attorney's lien could attach. See also Cole v. Cole, 30 N.J. Super. 433, 435-438, 104 A.2d 866 (Ch.Div. 1954) (where the parties reconciled, there was no decree favorable to either husband or wife and, therefore, no valid charging lien could be asserted by the attorney).
In the present case, Owens owned the property before the divorce action was filed. Her husband was not asserting a claim *461 to it. Hence, Owens would not be "recovering" the property in the divorce action. Under these circumstances, the charging lien of Cole could not attach to the property. See Wheeler v. Wheeler, supra, 52 N.J. Super. at 508, 145 A.2d 796 and Cole v. Cole, supra, 30 N.J. Super. at 435-438, 104 A.2d 866. The application to file the lis pendens should not have been granted.
Further, we question whether a lis pendens may be filed in order to secure an attorney's fees in a matrimonial action. Ordinarily lis pendens are filed when plaintiff asserts an interest in or a claim upon specific real property. See Polk v. Schwartz, 166 N.J. Super. 292, 399 A.2d 1001 (App.Div. 1979). The lis pendens statute provides that it may not be filed in an action to recover a judgment for money or damages only. N.J.S.A. 2A:15-6. An attorney in a suit for legal fees is seeking a monetary recovery.
Moreover, a lis pendens is a "form of taking." Trus Joist Corp. v. Treetop Associates, 97 N.J. 22, 32, 477 A.2d 817 (1984). We question whether such a "taking" of a client's property should be permitted in advance of an adjudication as to the merits of the attorneys' claim for fees. See Trus Joist Corp., supra, 97 N.J. at 32, 477 A.2d 817 (a lis pendens has a "vise-like grip upon the property, freezing the status quo...."); cf. Chrysler Corp. v. Fedders Corp., 670 F.2d. 1316 (3rd Cir.1982) (New Jersey lis pendens procedure complied with due process).
In any event, it is clear under the facts in this case that a lis pendens should not have been permitted. Cole, through the use of the lis pendens, has obtained a pre-judgment lien on assets which the client would not be recovering in the underlying action. The purpose of the attorney's charging lien is to prevent the attorney from being deprived of a fee after having performed legal services which result in the client obtaining something of value. Here, the something of value belonged to the client prior to the underlying action and she was not at serious risk of losing it. A lis pendens should be discharged if the plaintiff has no right to a lien or a claim affecting the realty in question but only to some different claim or right against the defendant. See O'Boyle v. *462 Fairway Products, Inc., 169 N.J. Super. 165, 167, 404 A.2d 365 (App.Div. 1979). Cole's lien did not attach to Owens' marital home and the lis pendens against the marital home has no validity.
Further, important public policy issues are presented if Cole's position is upheld. The use of liens to secure counsel fees in matrimonial actions is a matter of serious concern. The New Jersey Ethics Commission, chaired by Judge Herman Michels, Presiding Judge of the Appellate Division, concluded that:
the area of family or matrimonial law generates a high number of ethics grievances and fee disputes against individual lawyers and criticism of the judicial system.... Testimony was heard of attorneys placing liens upon the sole residence of matrimonial clients or, worse yet, of lawyers forcing clients to execute a mortgage upon their residence in favor of the attorney as a condition of continuing with their representation where the initial retainer had been exhausted.
[See Report of the New Jersey Ethics Commission at 178-179 (1993) (emphasis added).]
The Commission recommended that the Supreme Court "address, at an early date, the propriety of placing a lien or mortgage upon the matrimonial client's residence in order to secure the payment of an attorney's fee." Id. at 181. The Supreme Court recently appointed a special committee to consider this and other issues in matrimonial law and practice. See Henry Gottleib, Three Years After Recommendation, Panel will study matrimonial practice, 144 N.J.L.J. 236 (1996).
Our questioning the propriety of the lis pendens does not mean that we question the conduct of Cole. The firm properly sought a court order permitting the filing of the lis pendens. The record indicates that the firm has acted throughout in accordance with the highest standards of the bar. We also recognize that attorneys are not second class citizens and their legitimate interests must be protected. Nonetheless, as indicated in the report of the Ethics Commission, a potential for impropriety is present. An attorney's relationship with a client is a sensitive one. Courts must be vigilant to ensure "that the highest standards of loyalty and integrity will be maintained by all lawyers in this State." In Re Education Law Center, Inc., 86 N.J. 124, 133, 429 A.2d 1051 (1981). These considerations add strength to our conviction that *463 the filing of the lis pendens against the matrimonial home should not have been permitted. The escrow funds must be released.
Affirmed.