732 A.2d 1152

JOANNE SHALIT, PLAINTIFF, v. DANIEL J. SHALIT, UNITED STATES LAND RESOURCES (USLR) AND ITS AGENT, LAWRENCE BERGER; INTERSTATE 78 OFFICE PARK LTD.; EASTMAN'S ROAD ASSOC., LTD.; B & D ASSOC., LTD.; APOLLO ASSOC., LTD; OAKLAND INDUSTRIAL ASSOC., LTD.; LAUFFER BUILDING ASSOC., LTD.; SB BUILDING ASSOC., L.P.; 190 SOUTH STREET ASSOC.; JEFFERSON HALSEY ASSOC., LTD.; PRINCETON OFFICE PARK, L.P.; BLACK HORSE LAND ASSOC., LTD.; CALALOO, INC.; REALTY RESEARCH PROPERTIES CORP.; INVESTMENT RESEARCH; REALTY MANAGEMENT COMPANY; UNITED MANAGEMENT AND RESEARCH; MATAWAN VENTURE; JOHN DOE, LTD.; JANE DOE, LTD.; AND ABC, LTD. (FICTITIOUS NAMES REPRESENTING VARIOUS ENTITIES WHOSE IDENTITIES ARE PRESENTLY UNKNOWN)., DEFENDANTS.

Superior Court of New Jersey
Chancery Division Family Part
Morris County

Decided April 7, 1999.

*Elenore K. Cohen, Kraemer, Burns, Mytelka, Lovell & Kulka, P.A.*, for plaintiff.

*James P. Yudes,* formerly for plaintiff.

*Jeffrey P. Weinstein, Weinstein, Penza & Snyder,* for defendant Daniel J. Shalit.

WILSON, J.S.C.

█ This ruling concerns the issue of whether the filing of a petition to impose and enforce a charging lien on certain funds obtained by the client as a result of the services of client's litigation counsel must await the expiration of 30 days after service upon the client of a Pre–Action Notice complying with the Fee Arbitration Rules and particularly R. 1:20A–6. Based upon the language of R. 1:20A–6 itself, this court finds that the filing of such a petition need not await the passage of 30 days after service of the Pre–Action Notice. Determination and enforcement of such a lien, however, must await the 30 days, with the parties being restrained in the meantime from dissipating or distributing the funds upon which the lien is sought to be imposed.

In this matrimonial dissolution matter, the attorney-applicant began representation of plaintiff-wife in October 1996. Apparently, the attorney and his client became involved in a fee dispute in January 1998 and the attorney sent to his client a Pre–Action Notice pursuant to R. 1:20A–3, informing her of her right to fee arbitration. The client did not institute a fee arbitration action at that time.

The attorney's representation of his client continued, with some interruptions, until October 1998. At that time, the client apparently terminated the services of her attorney and sought the assistance of another attorney. The matter was ultimately settled on November 16, 1998.

After his termination by his client, the initial attorney sent a second Pre–Action Notice on October 16, 1998. The attorney did inform her that he would institute legal action against her if he was not paid within 35 days. Apparently sensing that the matter was soon to come to settlement, the attorney filed a motion on November 2, 1998, in the pending matrimonial action, to impose a lien on any proceeds due the client, in the amount of the claimed fee. In addition, the attorney sought leave to file a statement with the Morris County Clerk evidencing the lien and to establish a schedule for further proceedings, including a schedule for respon-

sive pleadings, pre-trial discovery, pre-trial conference and trial. Only seventeen days had expired between service of the Pre-Action Notice and the filing of the application to impose the lien.

On November 12, 1998, the client filed for fee arbitration. She now claims that her attorney's failure to wait 30 days after service of the Pre-Action Notice before filing the lien petition mandates dismissal of his claim. This court disagrees.

It must first be noted that the version of *R.* 1:20A–6 in effect at the time of this attorney's representation and filing of his petition for a lien reads as follows:

> No lawsuit to recover a fee may be filed until the expiration of the 30 day period herein giving Pre-Action Notice to a client; however, *this shall not prevent a lawyer from instituting any ancillary legal action.* Pre-Action Notice shall be given in writing, which shall be sent by certified mail and regular mail to the last known address of the client, or, alternatively, hand delivered to the client and which shall contain the name, address and telephone number of the current secretary of the Fee Committee in the district where the lawyer maintains an office. If unknown, the appropriate Fee Committee secretary listed in the most current New Jersey Lawyers Diary and Manual shall be sufficient. The notice shall specifically advise the client of the right to request fee arbitration and that the client should immediately call the secretary to request appropriate forms; the notice shall also state that if the client does not promptly communicate with the Fee Committee's secretary and file the approved form of request for fee arbitration within 30 days after receiving pre-action notice by the lawyer, the client shall lose the right to initiate fee arbitration. The attorney's complaint shall all

In relevant part, the rule provided that "[n]o lawsuit to recover a fee may be filed until the expiration of the 30 day period." The rule, however, specifically exempts the institution of "any ancillary legal action" from the 30 day waiting period.

*N.J.S.A.* 2A:13–5 authorizes ancillary legal action. *Cole, Schotz, Bernstein v. Owens,* 292 *N.J.Super.* 453, 458, 679 *A.*2d 155 (App. Div.1996). That statute provides:

> After the filing of the complaint or third-party complaint or the service of a pleading containing a counter-claim or cross-claim, the attorney or counselor at law, who shall appear in the cause for the party instituting the action or maintaining the third-party claim or counter-claim or cross-claim, shall have *a lien for compensation,* upon his client's action, cause of action, claim or counter-claim or cross-claim, which shall contain and attach to a verdict, report, decision, award, judgment or final order in client's favor, and the proceeds thereof in whosesoever hands they may come. The lien shall not be affected by any settlement between

the parties before or after judgment or final order, nor by the entry of satisfaction or cancellation of a judgment on the record. *The court in which the action or other proceeding is pending, upon the petition of the attorney or counselor at law, may determine and enforce the lien.* (emphasis added)

*N.J.S.A.* 2A:13–5 thus clearly provides for the right of an attorney to impose a lien upon a verdict, settlement, award or judgment in favor of his or her client, by way of petition before the court in which the other proceeding is pending.

Confusion may arise only because the vehicle of a "petition" is not found among New Jersey's current Rules of Court. Indeed, since 1948, the use of petitions essentially has been abandoned unless specified by statute. *H. & H. Ranch Homes, Inc. v. Smith,* 54 *N.J.Super.* 347, 353, 148 *A.*2d 837 (App.Div.1959). The closest modern analogy to a petition is a motion that cannot be resolved except by plenary hearing.

Accordingly, the juxtaposition of *R.* 1:20A–6 and *N.J.S.A.* 2A:13–5 can yield only one conclusion. The 30 day waiting period after service of the Pre–Action Notice need not delay the filing of a petition to impose a charging lien, which is an ancillary legal action expressly outside the ambit of the 30 day waiting period. The 30 day waiting period applies, not to an action to impose a lien, but to a separate lawsuit to recover a fee. The determination and enforcement of the lien, however, cannot be resolved in a summary proceeding.

The lien must be instituted according to the procedure set forth in *H & H Ranch Homes, Inc. v. Smith,* 54 *N.J.Super.* 347, 353, 148 *A.*2d 837 (1959). While *H & H Ranch* was decided nearly twenty years before the inception of New Jersey's fee arbitration rules in 1978, the recommended method for determination or enforcement of an attorney's lien would apply even in the context of a pending fee arbitration. *Rosenfeld v. Rosenfeld,* 239 *N.J.Super.* 77, 80, 570 *A.*2d 1026 (Ch.Div.1989). The attorney should make an application to the court as a step in the proceeding of the main case, setting forth the facts upon which she is relying for the determination and enforcement of the lien. The attorney should also request a schedule for further proceedings, including

schedules for completion of filing of pleadings, discovery, pre-trial conferences and trial. In no event should such an application be heard by summary proceeding. *H & H Ranch Homes, Inc.*, 54 *N.J.Super.* at 353, 148 *A.*2d 837.

The client in this case relies upon *Rosenfeld v. Rosenfeld*, 239 *N.J.Super.* 77, 570 *A.*2d 1026 (Ch.Div.1989), *Mateo v. Mateo*, 281 *N.J.Super.* 73, 656 *A.*2d 846 (App.Div.1995), and *Cole, Schotz, Bernstein v. Owens*, 292 *N.J.Super.* 453, 679 *A.*2d 155 (App.Div. 1996), to support her position that the fee arbitration rules, and *R.* 1:20A–6 in particular, mandate dismissal of an action to impose and enforce a lien if 30 days have not passed between the Pre–Action

First, *Rosenfeld* held that the Pre–Action Notice requirement, not the 30 day waiting period, applied to a petition to establish a lien as well as a complaint to recover a fee. In the case before the court, the Pre–Action Notice was served prior to the petition.

*Rosenfeld* is distinguishable on another more significant level. *Rosenfeld* was decided in October 1989. The version of *R .* 1:20A–6 in effect at that time contained neither the language concerning the ancillary legal actions exemption, nor the language concerning the 30 day waiting period. The version of *R.* 1:20A–6 in effect between January 2, 1986 and September 4, 1990, read as follows:

Prior to institution of an action to recover a fee, an attorney shall notice his client of the client's option to pursue the fee arbitration remedy as provided for by these rules. If the client does not elect to pursue the fee arbitration remedy, the attorney's complaint shall allege the giving of the notice required by this rule.

Because the version of the fee arbitration rule in effect at the time *Rosenfeld* was determined did not contain the language at issue in the matter before this court, *Rosenfeld* does not control this matter.

The Appellate Division addressed the issue of Pre–Action Notice six years after *Rosenfeld* in *Mateo v. Mateo*, 281 *N.J.Super.* 73, 656 *A.*2d 846 (App.Div.1995). That case, citing to *Rosenfeld* with approval, at first blush may be perceived to rule that petitioning for a charging lien pursuant to *N.J.S.A.* 2A:13–5 was

not the proper way to establish an attorney's lien. *Mateo*, 281 *N.J.Super.* at 79, 656 *A.*2d 846. A closer reading, however, reveals that the deprecated vehicle was a *motion* to impose a lien, a motion decided without the required plenary hearing, indeed, a motion filed without having sent the required Pre–Action Notice. *Ibid.* It is also significant that *Mateo*, like *Rosenfeld*, dealt with the 1989 version of *R.* 1:20A–6, which contained neither the exemption for institution of ancillary legal actions, nor the 30 day waiting period. *Mateo* thus does not control the case at bar.

The last case relied on by plaintiff is the Appellate Division decision in *Cole, Schotz, Bernstein v. Owens*, 292 *N.J.Super.* 453, 679 *A.*2d 155 (App.Div.1996). While the *Cole Schotz* court cites to the "ancillary legal action" language in the current version of *R.* 1:20A–6, the court declines to specifically discuss that language or to give any effect to that language, undoubtedly because the attorney in that case failed to send a Pre–Action Notice prior to his petition for a lien. Because no notice had been sent, any 30 day waiting period was irrelevant. Accordingly, the court cited to its opinion in *Mateo* with approval, as well as to the trial court opinion in *Rosenfeld*, neither of which addressed the relevant version of *R.* 1:20A–6, but both of which dealt with failure to send a Pre–Action Notice. *Cole, Schotz* thus does not control the case at bar.

The most recent case concerning attorney's liens is *Steiger v. Armellino*, 315 *N.J.Super.* 176, 716 *A.*2d 1216 (Ch.Div.1998). That matter concerned whether or not an attorney was barred from bringing legal action for payment of fees once a dispute was placed in the hands of a Fee Arbitration Committee. The trial court opined that "plaintiff's request that this court recognize and declare that a lien was attached on the proceeds from the sale of the marital home, and that the funds should remain restrained pending a final determination by the Fee Arbitration Committee is not inconsistent with *R.* 1:20A." *Steiger*, 315 *N.J.Super.* at 183, 716 *A.*2d 1216. It should be noted, however, that the *Steiger* court

specifically distinguished *Mateo* and *Rosenfeld* as dealing with circumstances in which a Pre–Action Notice was not given.

While a Pre–Action Notice was given in the case at bar, the waiting period was not observed. As discussed above, however, this waiting period should not be construed to apply to an ancillary legal proceeding. The appropriate procedures and notices were followed and given by the attorney pursuant to *R.* 1:20A–6, *N.J.S.A.* 2A:13–5 and *H & H Ranch Homes, supra.* Upon making the required showings on that petition, counsel would be entitled to determination and enforcement of a charging lien on proceeds due his client, despite 30 days not having passed between sending the Pre–Action Notice and filing the ancillary legal action. Because the matter is now before the Fee Arbitration Committee as to the amount of the fee due, however, further proceedings before this court must await the outcome of the fee arbitration.

Trial courts must be empowered to protect the amount of the claimed fee pending either fee arbitration or judicial determination and enforcement of the lien. A contrary conclusion would eviscerate the attorney's clear legal rights pursuant to the ancillary legal action statute, *N.J.S.A.* 2A:13–5. The inconvenience to the client is mitigated by the expedited judicial or fee arbitration determination, whichever is selected by the client. If the parties are represented by counsel, the payor party will turn over any monies or indicia of ownership of properties (up to the claimed amount of the fee) to his counsel to be held in escrow or trust rather than distributed to the payee party. If the payor party is not represented by counsel, any such monies or indicia of property ownership shall be turned over to payee's counsel to be held in escrow or trust, pending final resolution and order of the court.

Accordingly, this court rules that the attorney-petitioner possesses an attorney's lien in an amount to be determined by the Fee Arbitration Committee on the proceeds due his client (not in excess of $50,778.85) as a result of the settlement of this matter. If the settlement proceeds have already been disbursed, this court enjoins the client and any of her representatives from dissipating

or otherwise disposing of the funds pending a determination by the Fee Arbitration Committee of the fee disputes existing between these parties. If the proceeds have not been disbursed, they are to be paid over to counsel of defendant-husband, to be held in escrow or trust pending the outcome of the Fee Arbitration Committee and further order of this court.