NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 14-3284

———————

IN RE: MICROBILT CORPORATION,

Appellant

———————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Nos. 13-cv-06323 & 14-cv-00609)
District Judge:  Honorable Joel A. Pisano

———————

Submitted Under Third Circuit LAR 34.1(a)
March 23, 2015

Before:  HARDIMAN, GREENAWAY, Jr. and KRAUSE, *Circuit Judges*.

(Filed: May 7, 2015)

———————

OPINION*

———————

HARDIMAN, *Circuit Judge*.

MicroBilt Corporation appeals an order of the U.S. District Court for the District

of New Jersey affirming two orders of the U.S. Bankruptcy Court for the District of New

Jersey directing it to pay legal fees to the law firm of Maselli Warren, P.C. We will affirm

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

the District Court, albeit on different grounds.

# I

MicroBilt filed for Chapter 11 bankruptcy in 2011. Shortly thereafter, it retained Maselli Warren—a law firm it had used for nearly a decade—to represent it in litigation stemming from a dispute with a major supplier. In the course of that litigation, a conflict of interest arose between MicroBilt and Maselli Warren, prompting the firm to withdraw as counsel. Because it had completed a significant amount of work on the case by that time, Maselli Warren filed a fee application in the Bankruptcy Court requesting about $29,000 in legal fees. MicroBilt objected, arguing that the firm deserved no fees because its withdrawal was so inconveniently timed that it had effectively provided no benefit. The Bankruptcy Court awarded Maselli Warren about $19,300, reducing the fee amount to ensure that MicroBilt did not bear the costs of its new counsel's efforts to get up to speed in the case after Maselli Warren withdrew.

In addition to the $19,300 claim (the Post-Petition Claim), Maselli Warren held a claim for outstanding legal fees of about $54,500 for work that was completed before MicroBilt filed for bankruptcy (the Pre-Petition Claim). The firm filed a proof of claim for the Pre-Petition Claim, which MicroBilt disputed. After the Bankruptcy Court entered an order confirming MicroBilt's Chapter 11 reorganization plan and requiring it to pay claims including the Pre-Petition Claim, MicroBilt failed to pay the claim. It argued that New Jersey Court Rule 1:20A-6, which requires an attorney to provide a client with

2

notice before initiating a lawsuit to recover legal fees, precluded the Pre-Petition Claim because Maselli Warren had not provided the requisite notice. The Bankruptcy Court rejected that argument, holding that the Bankruptcy Code preempted the New Jersey Court Rule. Thus, MicroBilt was on the hook for both the Pre-Petition Claim and the Post-Petition Claim.

MicroBilt appealed to the District Court, reviving its arguments challenging both the Pre- and Post-Petition Claims. The District Court rejected those arguments and affirmed the Bankruptcy Court. MicroBilt now appeals.[1]

## II

MicroBilt advances similar arguments on appeal that it raised before both the District and Bankruptcy Courts. First, it contends that it should not have to pay either the Pre-Petition Claim or Post-Petition Claim because Maselli Warren did not comply with New Jersey Court Rule 1:20A-6, which states in relevant part:

> No lawsuit to recover a fee may be filed until the expiration of the 30 day period herein giving Pre-action Notice to a client; however, this shall not prevent a lawyer from instituting any ancillary legal action . . . . The notice shall specifically advise the client of the right to request fee arbitration . . . .

---

[1] The District Court had jurisdiction to review the Bankruptcy Court's orders pursuant to 28 U.S.C. § 158(a). We have appellate jurisdiction under 28 U.S.C. § 158(d). "Because the District Court sat below as an appellate court, this Court conducts the same review of the Bankruptcy Court's order[s] as did the District Court." *In re Telegroup, Inc.*, 281 F.3d 133, 136 (3d Cir. 2002). The Bankruptcy Court's legal determinations are subject to plenary review, while its findings of fact are reviewable for clear error. *In re Majestic Star Casino, LLC*, 716 F.3d 736, 747 (3d Cir. 2013). And we review fee awards for abuse of discretion. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253, 257 (3d Cir. 1995).

> The attorney's complaint shall allege the giving of the notice required by this rule or it shall be dismissed.

N.J. Ct. R. 1:20A-6. The Bankruptcy Court held, and the District Court agreed, that the Bankruptcy Code preempts application of the New Jersey rule. We need not reach this issue because MicroBilt's appeal fails for a more basic reason: Rule 1:20A-6 does not apply to this case at all.

The New Jersey rule applies to "lawsuit[s] to recover" attorney's fees; it explicitly does "not prevent a lawyer from instituting any ancillary legal action." *Id.* Although the rule does not define "lawsuit," it indicates that a lawsuit includes a "complaint . . . alleg[ing] the giving of the notice required by this rule[.]" *Id.* For example, New Jersey courts apply the rule when a party files an application for an attorney's lien under N.J.S.A. 2A:13-5, which is "tried as a separate and distinct plenary action," even when initiated as part of a larger action. *Cole, Schotz, Bernstein, Meisel & Forman, P.A. v. Owens*, 679 A.2d 155, 157 (N.J. Super. Ct. App. Div. 1996). The rule does not apply to any of Maselli Warren's actions here—filing a proof of claim and motion to compel in Bankruptcy Court for the Pre-Petition Claim and filing a fee application in Bankruptcy Court for the Post-Petition Claim—because none of these actions requires a creditor to file a complaint or initiate a distinct action. In the bankruptcy context, a proof of claim, motion to compel, and fee application are simply not lawsuits; they are "ancillary legal action[s]" under Rule 1:20A-6, so Maselli Warren did not have to provide MicroBilt with notice before filing them.

4

Second, MicroBilt argues that Maselli Warren's withdrawal came at such an inopportune time—"in the midst of complex litigation and [on] the eve of the commencement of a tsunami of discovery depositions"—that the firm's work ultimately provided no benefit to MicroBilt. MicroBilt Br. 29. As such, it contends, any legal fees granted to Maselli Warren constituted an abuse of the Bankruptcy Court's discretion. We disagree.

After reviewing written submissions (including a breakdown of Maselli Warren's requested fees by line item) and hearing argument on the Post-Petition Claim, the Bankruptcy Court carefully weighed the facts before reaching its decision. It recognized that, although some value had been lost in the transition from Maselli Warren to new counsel, most of the work covered by the Post-Petition Claim would have needed to be done regardless of whether Maselli Warren or new counsel completed it. MicroBilt therefore received a real benefit from the firm's work. In acknowledgement of the work that had to be duplicated due to the withdrawal, though, the Court ordered a $9,500 reduction to Maselli Warren's initial request, resulting in a final Post-Petition Claim of about $19,300.

The Bankruptcy Court did not abuse its discretion in arriving at this amount. It assessed the facts relevant to the Post-Petition Claim and recognized that most—but not all—of the line items in the proof of claim were for work that ultimately benefited MicroBilt. It weighed the benefit of the law firm's work against the detriment of its

withdrawal, and it arrived at a fee reduction of about one-third, explaining its reasoning thoroughly along the way. In sum, it exercised its discretion reasonably.[2]

\*     \*     \*

For the reasons stated, we will affirm the District Court's order.

---

[2] MicroBilt makes two other arguments that merit little analysis. First, it claims that the Pre-Petition Claim was invalid because of Maselli Warren's allegedly untimely withdrawal. This argument fails because the Pre-Petition Claim was for work completed before the bankruptcy filing and had no relation to the withdrawal whatsoever. Second, MicroBilt argues that the law firm shouldn't be allowed to collect on its Post-Petition Claim because it did not submit monthly applications for its fees, as permitted by the Bankruptcy Court's order establishing procedures for the collection of professional fees; instead, it submitted a single application. But that order merely set out *a* method by which fees could be collected—it did not purport to designate the exclusive method by which professionals could collect their fees. Maselli Warren simply opted not to follow that optional procedure, a decision that did not prejudice MicroBilt in any way.